**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margo Tarkington,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>    Defendant. | No. CV-08-815-PHX-DGC<br><br>**ORDER** |

Plaintiff filed applications for disability insurance benefits and supplemental security income on January 12, 2004, claiming a disability onset date of November 25, 2003. Dkt. #12A, Tr. 53-55, 378-81. The application was denied. Tr. 47-50, 382. A hearing before an Administrative Law Judge ("ALJ") was held on August 16, 2006. Tr. 390-418. The ALJ issued a written decision on October 23, 2006, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 15-21. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 6-8. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1.

Whether a claimant is disabled is determined using a five-step sequential evaluation process. The claimant bears the burden in steps one through four. To establish disability, the claimant must show (1) she is not currently working, (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) her

1 residual functional capacity ("RFC") precludes her from performing her past work. At step
2 five, the Commissioner bears the burden of showing that the claimant has the RFC to perform
3 other work that exists in substantial numbers in the national economy. 20 C.F.R.
4 §§ 404.1520(a)(4), 416.920(a)(4).

5 The ALJ found that Plaintiff had several impairments that are severe when considered
6 in combination: post-traumatic stress disorder, borderline intellectual functioning, a
7 schizoaffective disorder, a psychotic disorder, and an affective disorder. Tr. 17. The ALJ
8 determined that these impairments were not severe enough to meet or equal a listed
9 impairment. Tr. 18. The ALJ concluded that while Plaintiff was not able to perform her past
10 work as a kitchen worker, care giver, and janitor, she was not completely disabled because
11 she had the residual functional capacity to perform light unskilled work with restrictions.
12 Tr. 18-19.

13 Plaintiff argues that the ALJ erred at step five by assigning considerable weight to the
14 opinion of a non-examining doctor and failing to properly consider treating source opinions,
15 Plaintiff's subjective symptom testimony, and a third-party function report. Dkt. #23.
16 Defendant concedes that the ALJ erred. Dkt. ##27-28. The Court will therefore reverse
17 Defendant's administrative decision denying benefits. *See Robbins v. SSA*, 466 F.3d 880,
18 882 (9th Cir. 2006) (The Commissioner's decision to deny benefits must be reversed "if it
19 is not supported by substantial evidence or is based on legal error").

20 Plaintiff argues that the case should be remanded for an award of benefits because the
21 improperly rejected evidence shows that she is disabled and that evidence must be credited
22 as true on remand. Dkt. ##23 at 28, 29 at 2-6. Defendant urges the Court not to follow the
23 "credit as true" doctrine and seeks a remand to allow the ALJ to give legally proper reasons
24 for rejecting evidence. Dkt. #28.

25 The "credit as true" doctrine applies when an ALJ fails to provide legally sufficient
26 reasons for rejecting a claimant's subjective symptom testimony. The overwhelming
27 authority in this Circuit makes clear that the doctrine is mandatory where there are no
28 outstanding issues that must be resolved before a determination of disability can be made and

1  it is clear from the record that the claimant is disabled under the Social Security Act.[1]

2  Plaintiff testified that she is unable to work because she has difficulty learning and
3  concentrating on specific tasks, suffers from depression and anxiety, and experiences
4  symptoms of paranoia and has panic attacks when around other people.  Tr. 402-11.
5  Defendant does not dispute that the ALJ's sole reason for rejecting Plaintiff's testimony –
6  that it is not consistent with the objective medical evidence (Tr. 19) – is legally deficient.
7  Vocational expert Sandra Richter opined that if Plaintiff had the mental limitations she
8  testified to at the hearing, "she would not be able to work." Tr. 415-16.  The ALJ accepted
9  Ms. Richter's opinions.  Tr. 19, 412-15.

10  Because it is clear from the record that the ALJ would be required to find Plaintiff
11  disabled if her testimony were to be credited as true, "a remand for further proceedings
12  would serve no useful purpose." *Reddick v. Charter*, 157 F.3d 715, 730 (9th Cir. 1998); *see*
13  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("[W]e will not remand for
14  further proceedings where, taking the claimant's testimony as true, the ALJ would clearly
15  be required to award benefits[.]") *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007)
16  (remanding for an award of benefits where it was "'clear from the record that the ALJ would
17  be required to determine the claimant disabled'") (citation omitted).  The Court will remand
18  the case for an award of benefits.

19  Defendant notes that in *Vasquez v. Astrue*, 547 F.3d 1101 (9th Cir. 2008), he has
20  sought en banc review of the credit-as-true rule and that petition for review is currently
21  pending before the Ninth Circuit.  Dkt. #28 at 1 n.1.  Until an en banc panel reverses course,

---

[1] *See Varney v. Sec. of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Rodriguez v. Bowen*, 876 F.2d 759, 763 & n.11 (9th Cir. 1989); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Reddick v. Chater*, 157 F.3d 715, 729 (9th Cir. 1998); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 926 (9th Cir. 2002); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Benecke v. Barnhart*, 379 F.3d 587, 593-95 (9th Cir. 2004); *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007); *Lingenfelter v. Astrue*, 504 F.3d. 1028, 1041 (9th Cir. 2007).

however, this Court must follow *Varney* and its progeny. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (neither a district court nor a three-judge panel may overrule a prior decision of the court unless it has been "undercut by higher authority to such an extent that it has been effectively overruled").

**IT IS ORDERED:**

1. Defendant's administrative decision denying benefits is **reversed**.
2. The case is **remanded** to Defendant for an award of benefits.
3. Defendant's motion for remand (Dkt. #27) is **denied** to the extent it seeks a remand for further proceedings.
4. The Clerk is directed to **terminate** this action.

DATED this 8th day of May, 2009.

*[signature]*

David G. Campbell
United States District Judge